**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Diana Silva**, <br><br> Plaintiff, <br><br> v. <br><br> **#1 Rebate Auto Glass, LLC**, an Arizona Limited Liability Company; and **Felipe Valdez and Jane Doe Valdez**, a Married Couple, <br><br> Defendants. | No. _____ <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Diana Silva ("Plaintiff"), sues the Defendants, #1 Rebate Auto Glass, LLC, and Felipe Valdez and Jane Doe Valdez (collectively, "Defendants" or "Rebate Auto Glass") and alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant #1 Rebate Auto Glass, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant #1 Rebate Auto Glass, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. Defendant #1 Rebate Auto Glass, LLC is an Arizona limited liability, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Defendant #1 Rebate Auto Glass, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant #1 Rebate Auto Glass, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant #1 Rebate Auto Glass, LLC is subject to liability under the FLSA.

11. Defendants Felipe Valdez and Jane Doe Valdez are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims

in this Complaint as to which their marital community is fully liable. Felipe Valdez and Jane Doe Valdez are owners of Rebate Auto Glass and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Felipe Valdez and Jane Doe Valdez are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Felipe Valdez and Jane Doe Valdez are owners of Rebate Auto Glass. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Felipe Valdez and Jane Doe Valdez are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the Arizona A.R.S. § 23-350, et seq.

21. At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-350.

22. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

23. At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-362.

24. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

26. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

27. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

28. Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

29. Plaintiff, in her work for Defendants, regularly used the telephone to communicate with clients and/or customers.

30. Plaintiff, in her work for Defendants, regularly used the internet to communicate with clients and/or customers.

## FACTUAL ALLEGATIONS

31. Defendants own and/or operate as Rebate Auto Glass, an enterprise located in Maricopa County, Arizona.

32. Defendants do business as "Rebate Auto Glass," a windshield repair and replacement company doing business in Phoenix, Arizona.

33. Plaintiff was hired by Defendants on or around 2020 and worked for Defendants until approximately March 2022.

34. At all relevant times, Plaintiff worked for Defendants as a sales and marketing representative.

35. Defendants, in their sole discretion, agreed to pay Plaintiff $18 per hour.

36. During the time that Plaintiff worked for Defendants, Plaintiff worked approximately 20 to 30 hours per week.

37. In addition, Plaintiff worked from home, at nights, and on weekends for Defendants.

38. Defendants did not pay Plaintiff a paycheck for the final approximately eight weeks of work for Defendants.

39. As a result, Defendants did not pay Plaintiff for approximately 160 hours of work over the course of her final approximately eight workweeks.

40. As a result, Defendants failed to compensate Plaintiff any wage whatsoever for her final approximately eight weeks of work.

41. To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

42. As a result of Defendants' having improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final approximately eight weeks of work, Defendants failed to pay the applicable minimum wage to Plaintiff.

43. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

44. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

45. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S. § 23-350, *et seq*.

46. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked for Defendants.

47. Defendant have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked for Defendants.

48. Defendant have and continue to violate the AWA by not paying Plaintiff wages owed for all hours worked for Defendants.

49. Plaintiff was a non-exempt employee.

50. Plaintiff is a covered employee within the meaning of the FLSA.

51. Plaintiff is a covered employee within the meaning of the AMWA.

52. Plaintiff is a covered employee within the meaning of the AWA.

53. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

54. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

56. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

57. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. As a result of not paying Plaintiff any wage whatsoever for the final approximately eight workweeks of her employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

60. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

61. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Diana Silva, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. As a result of not paying Plaintiff any wage whatsoever for the final approximately eight weeks of her employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

64. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

65. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Diana Silva, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.  For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES OWED**

66. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants failed or refused to pay Plaintiff any wages whatsoever for the hours she spent working for Defendants during the final approximately eight workweeks of her employment with Defendants.

68. Defendant's practice of failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

69. Plaintiff is therefore entitled to compensation for all applicable wages at an hourly rate, to be proven at trial, in an amount treble the unpaid wages, together with interest, and costs of this action.

**WHEREFORE**, Plaintiff, Diana Silva, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B. For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest;

D. For the Court to award Plaintiff reasonable attorneys' fees and costs;

E. Such other relief as this Court shall deem just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 6th Day of September, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Diana Silva, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

_____
Diana Silva (Sep 6, 2022 20:51 PDT)
Diana Silva

# SILVA; COMPLAINT DRAFT 1 (TO CLIENT); 9-6-22

Final Audit Report                                                                 2022-09-07

| | |
|---|---|
| Created: | 2022-09-07 |
| By: | Clifford Bendau (cliffordbendau@bendaulaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAIcl3m5-zb8Idcr7UPcuFcmlfRARN0e21 |

## "SILVA; COMPLAINT DRAFT 1 (TO CLIENT); 9-6-22" History

- Document created by Clifford Bendau (cliffordbendau@bendaulaw.com)
  2022-09-07 - 3:48:46 AM GMT- IP address: 72.208.145.31

- Document emailed to dsg4nana@gmail.com for signature
  2022-09-07 - 3:49:07 AM GMT

- Email viewed by dsg4nana@gmail.com
  2022-09-07 - 3:49:21 AM GMT- IP address: 66.249.84.65

- Signer dsg4nana@gmail.com entered name at signing as Diana Silva
  2022-09-07 - 3:51:34 AM GMT- IP address: 72.201.139.78

- Document e-signed by Diana Silva (dsg4nana@gmail.com)
  Signature Date: 2022-09-07 - 3:51:35 AM GMT - Time Source: server- IP address: 72.201.139.78

- Agreement completed.
  2022-09-07 - 3:51:35 AM GMT

Adobe Acrobat Sign